IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN DOE,

        Plaintiff,

v.                                 Case No. 17-2664-JAR

ATCHISON HOSPITAL ASSOCIATION,

        Defendant.

## ORDER

Plaintiff, a licensed physician, brings this action under the federal Rehabilitation Act,[1] and federal and state fair credit reporting acts,[2] alleging defendant, a rural hospital, conditioned his employment on his submission to extensive medical examinations and inquiries, and later improperly disclosed the results of those examinations and inquiries to defendant's board of directors. Plaintiff has filed a motion (ECF No. 3) requesting leave to proceed in this matter under a pseudonym on the premise that he should not be forced to publicly disclose sensitive and personal medical information that he alleges defendant illegally obtained and disseminated. Because plaintiff has not demonstrated that this is an exceptional case justifying anonymity, the motion is denied.

---

[1] 29 U.S.C. § 792 *et seq*.

[2] 15 U.S.C. § 1681 *et seq*. and K.S.A. § 50-701 *et seq*.

"Proceeding under a pseudonym in federal court is, by all accounts, 'an unusual procedure.'"[3] The Federal Rules of Civil Procedure do not contemplate the anonymity of parties.[4] To the contrary, Rule 10(a) requires that the title of a complaint "name all the parties," and Rule 17(a) prescribes that "[a]n action must be prosecuted in the name of the real party in interest." Nonetheless, the Tenth Circuit has recognized that there may be cases in which "exceptional circumstances" warrant permitting a party to proceed anonymously.[5] Adopting the standard of the Eleventh Circuit, the Tenth Circuit has ruled,

> Lawsuits are public events. A plaintiff should be permitted to proceed anonymously only in exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity. The risk that a plaintiff may suffer some embarrassment is not enough.[6]

Whether a plaintiff may proceed anonymously is subject to the discretion of the trial court.[7] In exercising that discretion, the court must "weigh[] the plaintiff's claimed right to

---

[3]*Femedeer v. Haun*, 227 F.3d 1244, 1246 (10th Cir. 2000) (quoting *M.M. v. Zavaras*, 139 F.3d 798, 800 (10th Cir. 1998)).

[4]*Id.*

[5]*Id.* Despite this recognition, the parties have not cited and the court has not found a single case in which the Tenth Circuit has upheld a grant of permission to proceed under a pseudonym.

[6]*Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 324 (11th Cir. 1992)).

[7]*Zavaras*, 139 F.3d at 802.

privacy against the countervailing public interest."[8] The public has an "important interest in access to legal proceedings."[9] Moreover, without a party's name in the public record, "it is difficult to apply legal principles of res judicata and collateral estoppel."[10] "Ordinarily, those using the courts must be prepared to accept the public scrutiny that is an inherent part of public trials."[11] "A plaintiff should not be permitted to proceed under a pseudonym unless the need for anonymity outweighs the public interest in favor of openness."[12]

Here, plaintiff makes two arguments in support of his motion to proceed anonymously. First, he asserts his medical information is "highly sensitive and personal" in nature. Plaintiff has not shown, however, that his medical information is somehow unusual so as to justify anonymity. Although he generally states there is "a stigma associated with mental-health related conditions like Plaintiff's,"[13] he has not specified what, if any, mental-health condition he has (his complaint only states he has a neurological condition that has caused memory loss) nor discussed any specific harm he will suffer due to such a stigma.

---

[8] *Id.* at 803.

[9] *Femedeer,* 227 F.3d at 1246.

[10] *Id.*

[11] *Id.*

[12] *Raiser v. Brigham Young Univ.*, 127 F. App'x 409, 411 (10th Cir. 2005). The court notes that, despite plaintiff's suggestion to the contrary, whether defendant would be adversely affected by plaintiff proceeding anonymously is not a factor considered under Tenth Circuit or District of Kansas caselaw.

[13] ECF No. 11 at 2.

"That the medical records might include embarrassing or private information is not unusual and does not justify the secrecy of anonymity."[14]

Additionally, plaintiff has not cited a Tenth Circuit or District of Kansas case permitting use of a pseudonym because a party's health information (mental or otherwise) would be discussed.  The court is persuaded by the reasoning of courts that have ruled, "the fact that a case involves a plaintiff's medical condition, while arguably personal in nature, is not in-and-of itself sufficient to grant plaintiff's request to proceed under a pseudonym."[15] "Disclosure of medical records is part and parcel of judicial proceedings in many types of litigation, for example, Social Security administrative reviews, medical malpractice litigation, and . . . ERISA and welfare benefits claims."[16]  If simply raising a medical claim were the standard, then anonymity would become the rule and not the exception.[17]

Plaintiff's second argument for anonymity is that disclosing his identity would

---

[14]*E.L. v. Scottsdale Healthcare Corp. Health Plan*, No. 2:11-cv-00271-REJ, 2011 WL 1748548, at *1 (D. Ariz. May 6, 2011).

[15]*Wheeler-Whichard v. Doe*, No. 10-CV-0358S, 2010 WL 3395288, at *6 (W.D. N.Y. Aug. 25, 2010); *see also Scottsdale Healthcare*, 2011 WL 1748548, at *1.

[16]*Scottsdale Healthcare*, 2011 WL 1748548, at *1; *see also Doe v. Univ. of Akron*, No. 5:15-cv-2309, 2016 WL 4520512, at *3 (N.D. Ohio Feb. 3, 2016) ("Disability discrimination cases involving disabilities such as those alleged by Plaintiff are routinely filed by named plaintiffs." (quoting *G.E.G. v. Shinseki*, No. 1:10–cv–1124, 2012 WL 381589, at *2 n.1 (W.D. Mich. Feb. 6, 2012)).

[17]*See Wheeler-Whichard*, 2010 WL 3395288, at *6.

"exacerbate the defendant's privacy violation"[18] by requiring plaintiff to "publicly disclose the exact information that Defendant illegally obtained and improperly disclosed."[19] The court interprets this argument as attempting to fit under the third category of "exceptional circumstances" recognized by the Tenth Circuit: "where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."

The court is sympathetic to plaintiff's predicament. But, ultimately, the court finds this case similar to Tenth Circuit and District of Kansas decisions denying requests to proceed anonymously where the basis of the lawsuit was not to prevent disclosure in the first instance. In *Raiser v. Church of Jeasus Christ of Latter-Day Saints*, the Tenth Circuit ruled that lawsuits "seek[ing] monetary compensation for a disclosure that has already occurred," rather than the prevention of disclosure, did not fall under the third exception to proceeding publicly.[20] In *Patton v. Entercom Kansas City, LLC*, District Court Judge Kathryn H. Vratil applied *Raiser* in denying a motion to proceed under a pseudonym brought by a law student to recover damages allegedly caused when radio hosts falsely identified her as a "local porn star."[21] Judge Vratil ruled, "this is not a case 'where the injury litigated against would be incurred as a result of the disclosure' of plaintiff's identity. . . . She is not suing to prevent

---

[18]ECF No. 4 at 3.

[19]*Id.* at 4.

[20]182 F. App'x 810, 812 n.2 (10th Cir. May 31, 2006).

[21]No. 13-2186-KHV, 2013 WL 3524157, at *1 (D. Kan. July 11, 2013).

disclosures from being made; rather, she is suing for compensation for disclosures that have been made."[22]  Judge Vratil acknowledged that the law student, like plaintiff here, "greatly values her reputation as a community member and [professional]," but recognized that "plaintiffs alleging damage to their personal and professional reputations are generally not allowed to proceed anonymously."[23]

The court has carefully examined plaintiff's complaint.  It is clear plaintiff is suing to recover damages allegedly caused by defendant's past actions.[24]  Although plaintiff does broadly request in his claim for relief under Count II (improper-disclosure claim) that the court enjoin defendant's "unlawful behavior,"[25] this request is too ambiguous for the court to conclude plaintiff is bringing this lawsuit to prevent public disclosure of his identity.

Finally, even if plaintiff had demonstrated the need for anonymity, the court would not conclude, under the present circumstances, that plaintiff's privacy rights outweigh the countervailing public interests.  As noted above, the Tenth Circuit has recognized that the public has an "important interest in access to legal proceedings."[26]  Tenth Circuit cases upholding denials of requests to proceed under a pseudonym indicate just how strongly the

---

[22]*Id.* at *2.

[23]*Id.* at *3.

[24]*See* ECF No. 1 at *7, 10, 12, 15, and 16 (seeking compensatory damages, punitive damages, attorney's fees, and costs).

[25]*Id.* at 10.

[26]*Femedeer,* 227 F.3d at 1246.

Court values this interest. For example, in *Coe v. U.S. Dist. Court for Dist. of Colorado*, a doctor facing professional disciplinary proceedings arising from complaints of sexual and immoral improprieties sued to enjoin public hearings before the state medical board.[27] The doctor contended that public hearings would cause irreparable harm to his career.[28] The Court noted it was sympathetic to the doctor's desire for anonymity in view of the allegations the defendant would surely make during the proceeding, but concluded that the public's "significant interest in free access to the facts" outweighed the doctor's interest in privacy.[29] Likewise, in *M.M. v. Zavaras*,[30] the Tenth Circuit discussed with approval the Eleventh Circuit case of *Doe v. Frank*[31] in which a postal employee sued for unlawful discrimination based on a "physical handicap," i.e., alcoholism. The Eleventh Circuit upheld the denial of the plaintiff's request to proceed under a fictitious name, finding, "This case does not present such an unusual situation in which the need for party anonymity outweighs the presumption of openness."[32] Plaintiff here has not presented interests more compelling than those presented by the plaintiffs in *Coe* or *Frank* that would outweigh the interests of the public

---

[27]676 F.2d 411 (10th Cir. 1982).

[28]*Id.* at 413.

[29]*Id.* at 414.

[30]139 F.3d at 802-03.

[31]951 F.2d 320, 324 (11th Cir. 1992).

[32]*Zavaras*, 139 F.3d at 803 (quoting *Frank*, 951 F.2d at 324).

in knowing the names of the parties involved.

Although the court has concluded this is not an exceptional case warranting plaintiff's use of a pseudonym, the court notes that mechanisms are available to plaintiff to address his privacy concerns. As in the typical disability-discrimination case (as well as the vast majority of other civil cases) filed in this court, a protective order likely can provide the confidentiality plaintiff seeks. In a similar vein, plaintiff may move to file documents discussing his medical condition under seal or in redacted form. The court will address any such requests as they arise.

IT IS THEREFORE ORDERED that plaintiff's motion to proceed under a pseudonym is denied. If plaintiff wishes to proceed with his case, he is ordered to file an amended complaint which substitutes his own name by **January 22, 2018**. Given that the substance and formatting of the amended complaint will not be new, defendant's answer on file (ECF No. 9) will be deemed an answer to the amended complaint.

Dated January 8, 2018, in Kansas City, Kansas.

                                            s/ James P. O'Hara  
                                           James P. O'Hara  
                                           U.S. Magistrate Judge