UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| DR. DOUGLAS GORACKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-2664-JAR |
| | ) |
| ATCHISON HOSPITAL ASSOCIATION, | ) |
| | ) |
| Defendant. | ) |

## ORDER

In this employment discrimination action, Dr. Douglas Goracke alleges that, due to his disability, Atchison Hospital Association ("AHA") terminated his contract to provide physician services. Goracke moves to compel AHA to provide the personnel files of (1) hospital employees who complained about him and (2) the physician hired to replace him (ECF No. 59). Because the court finds the requested discovery relevant to claims and defenses asserted in this case, the motion is granted.

Fed. R. Civ. P. 26(b)(1) allows parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." At the discovery stage, relevance is broadly construed.[1] "[A]ny

---

[1] *See Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212-JWL-GEB, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

1

matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant."[2]

In determining whether the personnel file of a non-party should be disclosed in discovery, the Tenth Circuit has directed courts to exercise caution:

> [P]ersonnel files often contain sensitive personal information, ... and it is not unreasonable to be cautious about ordering their entire contents disclosed willy-nilly. Indeed, the Supreme Court has underscored that "the requirement of Rule 26(b)(1) that the material sought in discovery be 'relevant' should be firmly applied, and the district courts should not neglect their power to restrict discovery [to protect] 'a party or person from annoyance, embarrassment, [or] oppression....'"[3]

The Tenth Circuit added, however, "[t]his is not to say personnel files are categorically out-of-bounds," but only that requests for their disclosure should be "narrowly targeted" to documents therein that are relevant to claims or defenses in the case.[4]

---

[2] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 Amendment to Rule 26(b)(1)). *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287-EFM-KGG, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[3] *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648-49 (10th Cir. 2008) (quoting *Herbert v. Lando*, 441 U.S. 153, 177 (1979)).

[4] *Id.* at 649.

Personnel Files of Complainants

AHA has alleged it terminated Goracke's contract not for discriminatory reasons, but because of multiple complaints that Goracke "was sexually harassing nurses and behaving inappropriately with female patients."[5] Goracke served three document requests seeking documents related to hospital employees who complained about him (he calls them "complainants"). The requests sought the complainants' personnel files in their entirety,[6] but Goracke has since agreed to limit the requests to exclude production of the complainants' medical and financial information.[7]

In employment-discrimination cases, courts in this district have deemed relevant and discoverable an employee's employment records, including personnel files, when the employee is a "key witness," e.g., when the employee "played an important role in the decision or incident that gives rise to the lawsuit, including witnessing the events giving rise to the lawsuit."[8] Thus, in *Oglesby v. Hy-Vee, Inc.*, the court compelled production of

---

[5] ECF. No. 63 at 2.

[6] ECF No. 60-2 at ¶¶ 58, 59, & 61.

[7] ECF No. 60 at 4.

[8] *P.S. ex rel. Nelson v. Farm, Inc.,* No. 07-2210-JWL-DJW, 2008 WL 2944911, at *4 (D. Kan. July 28, 2008). *See also Hall v. Life Care Ctrs. of Am., Inc.,* No. 16-2729-JTM-KGG, 2018 WL 1992333, at *2 (D. Kan. April 27, 2018) ("Plaintiff is correct that courts in this District generally hold that an individual's employment records are relevant and discoverable if the individual (1) is alleged to have engaged in the retaliation or discrimination at issue, (2) is alleged to have played an important role in the decision or incident that gives rise to the lawsuit, or (3) is a key witness to the events giving rise to the lawsuit." (internal quotation and citation omitted); *White v. Graceland College Ctr. for Prof'l Dev. & Lifelong Learning, Inc.,* 586 F. Supp. 2d 1250, 1259 (D. Kan. 2008) ("Courts

3

a co-worker's personnel file where the co-worker was alleged to have witnessed the events defendant claimed gave rise to plaintiff's termination (sleeping on the job).[9] The court noted that the personnel file might contain documents "supporting or contradicting" the co-worker's claims about the plaintiff and might lead to information about whether the reason given for plaintiff's termination was pretextual.[10]

Goracke asserts the complainants' personnel files are relevant to assess their credibility as witnesses[11] and because the files could provide information about AHA's defense that it had a legitimate, non-discriminatory reason for its actions. AHA concedes complaints against Goracke led to an internal investigation and the decision to re-negotiate Goracke's contract. AHA argues, however, that the complainants were not involved in the decision to terminate Goracke. While this may be true, Goracke has sufficiently

---

in the District of Kansas have generally held that an individual's employment records are relevant and/or reasonably calculated to lead to the discovery of admissible evidence, and therefore discoverable, if the individual (1) is alleged to have engaged in the retaliation or discrimination at issue, (2) is alleged to have played an important role in the decision or incident that gives rise to the lawsuit, or (3) is a key witness to the events giving rise to the lawsuit."); *Oglesby v. Hy-Vee, Inc.*, No. 04-2440-KHV, 2005 WL 857036, at *2 (D. Kan. April 13, 2005) (compelling production of individual's personnel file in employment discrimination case where individual witnessed the events defendant claimed gave rise to plaintiff's termination).

[9] 2005 WL 857036, at *2.

[10] *Id.*

[11] For example, information in the files could demonstrate Goracke disciplined or complained about a complainant, which could reveal a bias the complainant might have against Goracke. Goracke states he made "multiple complaints to AHA's administration [that] likely caused AHA to discipline [his] accusers." ECF No. 65 at 3.

4

established the complainants are "key witnesses" who observed the events AHA contends led to the cancellation of his contract.[12] Under the liberal standards applicable to discovery, the court finds Goracke has met his burden to show the relevance of the personnel files (as limited to exclude financial and medical information).

Personnel Files of Goracke's Replacement

Goracke also moves to compel AHA to respond to a request for production of documents seeking the personnel file of the physician who replaced him, Dr. Darin Allen. In support of his request, Goracke relies on *Horizon Holdings, L.L.C. v. Genmar Holdings, Inc.*, in which the court found the personnel files of individuals who replaced the plaintiffs "may be relevant to demonstrate an inference of discrimination."[13] The *Horizon Holdings* court held that because there was an allegation plaintiffs were "terminated for inadequate job performance and lack of qualifications and/or experience," the "qualifications and other personnel information regarding those employees who replaced Plaintiffs may lead to the discovery of admissible evidence with regard to these issues."[14]

---

[12] The court agrees with AHA's observation that Goracke has not asserted a sexual harassment claim and the personnel files sought are not of individuals alleged to have discriminated against Goracke. But this point is of no weight, given that the personnel files are relevant to AHA's defenses in the case. The court further places no weight in AHA's conclusory hypothetical that Goracke could be seeking the personnel files to attack his accusers. At this point, the court is only determining whether the files are discoverable, not whether information therein is admissible.

[13] 209 F.R.D. 208, 215 (D. Kan. 2002).

[14] *Id.*

5

Here, Goracke alleges his contract was terminated because AHA learned he had a disability that affected his memory. Information about the health and qualifications of his replacement is relevant to this claim because it could lead to circumstantial evidence giving rise to a reasonable inference of discrimination.[15] As in *Horizon Holdings*, the court finds "the personnel files of the individual[] who replaced [Goracke] . . . may lead to the discovery of admissible evidence with regard to" the reason for the termination of Goracke's contract.[16] Although AHA suggests Allen's "health status" can be obtained through "less invasive means of discovery,"[17] AHA presents no support for its implicit argument that a party is limited to pursuing only the least invasive means of discovery.

Under the liberal discovery rules and absent any argument Allen's personnel file should be withheld to protect him from annoyance, embarrassment, or oppression, Goracke's motion to compel production of the personnel file is granted.

---

[15] 209 F.R.D. at 215; *see also Adamson v. Multi Cmty. Diversified Servs., Inc.*, 514 F.3d 1136, 1145 (10th Cir. 2008) ("Circumstantial evidence permits the fact finder to draw a reasonable inference from facts indirectly related to discrimination that discrimination, in fact, has occurred."); *Abuan v. Level 3 Commc'ns, Inc.*, 353 F.3d 1158, 1169-70 (10th Cir. 2003) (finding evidence about the age and qualifications of plaintiff's replacements could support plaintiff's discrimination claim).

The court agrees with AHA that Allen's age is not relevant, as Goracke does not assert a claim of age discrimination.

[16] 209 F.R.D. at 215. *See also Wagnor v. Pfizer, Inc.* No. 07-1229-JTM-KMH, 2008 WL 821952, at *7 (D. Kan. Mar. 26, 2008) (finding the personnel files of employees who replaced plaintiffs relevant and discoverable because they could contain information that "would support the inference of a 'pretext'").

[17] ECF No. 63 at 6.

Other Potentially Outstanding Discovery

Finally, Goracke asks the court to order AHA to comply with an agreement reached by the parties on June 1, 2018, with respect to AHA's responses to Interrogatory Nos. 2-8; Requests for Production of Documents Nos. 28-36, 39-42, 46, 57, 65, and 67-69; and an ESI search.[18] In its response brief, AHA acknowledged the parties' agreement and stated it planned to supplement its discovery production before the end of July 2018.[19] Goracke filed his reply on August 3, 2018, stating he still had not received AHA's supplemental responses. AHA filed a certificate of service on August 10, 2018, certifying it served its supplemental responses to the interrogatories and document requests.[20] Goracke has filed nothing since that date challenging AHA's supplemental responses. Therefore, it appears this portion of Goracke's motion is moot. To the extent any issues remain, however, Goracke is given leave to file a new, targeted motion to compel by **August 31, 2018**.

IT IS THEREFORE ORDERED that Goracke's motion to compel is granted. AHA is ordered to produce the requested personnel files, as limited by the parties' agreement, by **August 31, 2018.**

Dated August 23, 2018, at Kansas City, Kansas.

---

[18] ECF Nos. 60 at 7-9, and 65 at 6 (withdrawing Document Requests Nos. 70-71).
[19] ECF No. 63 at 7.
[20] ECF No. 72.

s/ James P. O'Hara

James P. O'Hara
U.S. Magistrate Judge